IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMANDA APODACA, Individually, and
as Parent and Next Friend to A.B., a minor
child,

                                Plaintiff,

vs.                                                                                                  No. _____

JONATHAN HERRON, and
GAINSCO INSURANCE COMPANY,

                                Defendants.

**COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY (GROSS NEGLIGENCE OR, IN THE ALTERNATIVE, NEGLIGENCE AND NEGLIGENCE *PER SE*) AND FOR DECLARATORY JUDGMENT (AUTOMOBILE COLLISION)**

Plaintiffs Amanda Apodaca, Individually and as Parent and Next Friend to A.B., a minor child, through counsel, Anna C. Martinez, for her cause of action against the above-named Defendants, states as follows:

**PARTIES, VENUE AND JURISDICTION**

1. Plaintiff is a resident of Bernalillo County, New Mexico.

2. Upon information and belief, Defendant Jonathan Herron is also a resident of Illinois.

3. Defendant GAINSCO Insurance Company is a foreign corporation and joined pursuant to the New Mexico Mandatory Financial Responsibility Act (MFRA), NMSA 1978, §§ 66-5-201 to 239, and *Raskob v. Sanchez*, 1998-NMSC-045.

4. Defendant GAINSCO Insurance Company has its primary place of business is located in Dallas, Texas.

5. All of the events giving rise to this Complaint occurred in Bernalillo County, New Mexico.

6. Plaintiffs' claims are in excess of the jurisdictional limit of $75,000.00.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) as a substantial part of the events and omissions giving rise to the claim occurred in the State of New Mexico.

8. Jurisdiction over this lawsuit is founded only on diversity of citizenship. A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district (as well as in this division). 28 U.S.C. § 1391(a)(2).

## FACTUAL BACKGROUND

9. On February 18, 2021, Albert Simmons, an Albuquerque Police Officer, who had been traveling west on Trumbull SE, was stopped at the red light at Trumbull and Louisiana SE, when he observed two cars stopped at the signal facing eastbound. *See, attached, Exhibit A: New Mexico Uniform Crash Report No. 710777127.*

10. Defendant Jonathan Herron ("Defendant Herron") was driving the second car at the east bound light. *Id*.

11. The car in front of Defendant Herron made a legal righthand turn on the red signal. *Id*.

12. Defendant then drove into the intersection against the red light. *Id*.

13. Officer Simmons reported that he "observed two vehicles stopped at the light in the east bound lanes of Trumbull, just west of the intersection , writing:

> I suddenly observed the lead car on east bound Trumbull turn south on Louisiana while the traffic signal was still red. At that point, I recalled the light to still be red for both west and east Trumbull when I suddenly observed vehicle #2 [driven by Defendant Herron] enter the intersection and east and collide[] with vehicle #1 [driven by Plaintiff] in the middle of the intersection.

*Id*.

14. Officer Simmons immediately called dispatch and had them send "paramedics due to the heavy vehicle damage." *Id*.

15. Once paramedics arrived, Officer Simmons spoke to Defendant Herron. *Id*.

16. Defendant Herron falsely claimed that the light at the intersection turned green for him before he entered the intersection. *Id*.

17. Defendant Herron falsely claimed that the collision was Plaintiff's fault because Defendant said his light was green. *Id*.

18. Defendant's light was red. *Id*.

19. Officer Simmons explained to Defendant that the officer had seen the entire accident, which included seeing the light and seeing that Defendant entered against the red. *Id*.

20. At the time of the collision, Plaintiff and her son were both wearing their seatbelts. *Id*.

21. Plaintiff was driving through the intersection with a green light, when she was struck by Defendant Herron. *Id*.

22. There is no legitimate dispute over the factors contributing to this collision.

23. The police report, which in this case was prepared by an eyewitness, makes it clear that Defendant Herron's decision to run the red light as the sole and apparent contributing factor to this collision. *Id.*

24. Had Defendant not been unlawfully operating—and paying all of his attention to—the crash at issue would never have happened.

25. The weather was clear and dry.

26. There were no visibility problems for any motorists.

27. Defendant was not looking at the traffic light while he operated a motor vehicle, in violation of traffic laws that required him to keep a proper look out and not to operate a motor vehicle in a careless or reckless manner.

28. Defendant's improper operation of a motor vehicle was the sole cause of the collision.

29. Defendant is liable to Plaintiff for all of Plaintiff's compensable injuries and recoverable damages.

30. Defendant's acts were willful, wanton, obdurate, and perpetrated with gross disregard for the safety of others.

31. Plaintiff is entitled to an award of punitive damages to dissuade Defendant and other like-minded individuals from operating a vehicle in this manner in the future.

32. As a result of Defendant's acts, Plaintiff and her son, A.B., suffered serious injury.

33. Plaintiff's motor vehicle was destroyed in the collision.

34. Defendant was both the actual and the proximate cause of the motor vehicle collision at issue in this case.

35. Prior to this collision, Plaintiff and her minor, A.B., were in good health and enjoyed a normal and active lifestyles.

36. After Defendant collided with Plaintiff's vehicle, Plaintiff and her minor child, A.B., had difficulty participating in routine life activities.

37. Plaintiff and her minor child, A.B., endured anxiety and sporadic pain that limit his daily activities.

## COUNT I: DEFENDANT'S GROSS NEGLIGENCE
## (COMPENSATORY AND PUNITIVE DAMAGES)

Plaintiff incorporates by reference all of the preceding paragraphs as though fully stated herein.

38. Defendant had a duty to exercise reasonable and ordinary care for the safety of others while driving a motor vehicle.

39. Defendant failed to exercise reasonable and ordinary care for the safety of others, and in particular, Plaintiff and her child.

40. Defendant's failure was the result of his gross and reckless disregard for the safety of others, including Plaintiff.

41. Upon information and belief, the grossly negligent acts and omissions of Defendant include but are not limited to:

   a. Operating a motor vehicle while distracted;
   b. Operating a motor vehicle without paying attention to the safety of other people;
   c. Failure to keep a proper look-out;
   d. Failure to yield traffic signal;
   e. Failure to yield to traffic;
   f. Failure to pay proper attention to surroundings while operating a motor vehicle;
   g. Failure to operate a vehicle in a safe and reasonable manner;
   h. Driving the vehicle in violation of existing traffic laws.

42. As a direct and proximate result of Defendant's gross negligence, Plaintiff and her minor child, A.B., suffered general damages including, but not limited to: medical damages, pain and suffering, emotional trauma and suffering of the type and variety that anyone could be expected to endure under like circumstances, lost enjoyment of life; damages resulting from the nature, extent, and duration of the injury, including lost functional capacity, lost household

services; lost wages; out-of-pocket expenses, property damage,; and other damages to be proven at trial.

43. The collision complained of herein was the product of Defendant's willful, wanton, obdurate, and conscience-shocking heedlessness for the safety of others. Plaintiff is consequently entitled to compensatory damages as well as an award of punitive damages to dissuade Defendant and others similarly situated from engaging in like behavior in the future.

### ALTERNATIVE COUNT I: DEFENDANT'S NEGLIGENCE
### (COMPENSATORY DAMAGES)

Plaintiff incorporates by reference all of the preceding paragraphs as though fully stated herein.

44. Defendant had a duty to exercise reasonable and ordinary care for the safety of others while driving a motor vehicle.

45. Defendant failed to exercise reasonable and ordinary care for the safety of others, and in particular, Plaintiff.

46. Defendant's failure was the result of his grossly negligent or, in the alternative, negligent, disregard for the safety of others, including Plaintiff.

47. Upon information and belief, the grossly negligent or, in the alternative, negligent, acts and omissions of Defendant include but are not limited to:

   a. Operating a motor vehicle while distracted;
   b. Failure to yield traffic signal;
   c. Failure to keep a proper look-out;
   d. Failure to yield to traffic;
   e. Failure to pay proper attention to surroundings while operating a motor vehicle;
   f. Failure to operate a vehicle in a safe and reasonable manner;
   g. Driving the vehicle in violation of existing traffic laws.

6

48. As a direct and proximate result of Defendant's negligence, which is included as an alternative the gross negligence previously alleged, Plaintiff and her minor son, A.B., suffered general damages including, but not limited to: medical expenses, pain and suffering, emotional trauma and suffering of the type and variety that anyone could be expected to endure under like circumstances, lost enjoyment of life; damages resulting from the nature, extent, and duration of the injury, including lost functional capacity, lost household services; lost wages; out-of-pocket expenses, property damage,; and other damages to be proven at trial.

49. Plaintiff contends that Defendant was grossly negligent, but should the Court and/or a jury determine that the collision complained of herein was *not* the product of Defendant's willful, wanton, obdurate, and conscience-shocking heedlessness for the safety of others, the collision was *nevertheless* the product of Defendant's negligence. Plaintiff is therefore entitled to compensatory damages.

## COUNT II: DEFENDANT'S NEGLIGENCE *PER SE*

Plaintiff incorporates by reference all of the preceding paragraphs as though fully stated herein.

50. Defendant's conduct violated NMSA 1978, § 66-8-113(A), which provides, in pertinent part:

> Any person who drives any vehicle carelessly and heedlessly in willful or wanton disregard of the rights or safety of others and without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property is guilty of reckless driving.

51. Defendant's conduct was a violation of NMSA 1978, § 66-8-114(A), which provides:

> Any person operating a vehicle on the highway shall give his full time and entire attention to the operation of the vehicle.

7

52. Defendant's conduct was also a violation of NMSA 1978, § 66-8-114(B), which provides, in pertinent part:

> Any person who operates a vehicle in a careless, inattentive or imprudent manner, without due regard for the ... traffic ... and road conditions and all other attendant circumstances is guilty of a misdemeanor.

53. NMSA 1978, §§ 66-8-113, -114(A) and -114(B), as well as NMSA 1978, §66-7-364 were enacted for the benefit and protection of a class of the public of which Plaintiff was a member.

54. Consequently, Defendant's violation of these statutes constitutes negligence *per se*.

55. The injuries that Plaintiff suffered are of the type that the legislature sought to prevent when it enacted the statutes referred to herein.

56. As a direct and proximate result of Defendant's negligence *per se*, Plaintiff and her minor child, A.B., experienced general damages, including but not limited to: medical expenses, physical pain and suffering, emotional trauma and suffering of the type and variety that anyone could be expected to endure under like circumstances, lost wages, out-of-pocket expenses, property damage, and other damages in an amount to be proven at trial. In addition, because of his injuries, Plaintiff has had a disrupted quality of life and has faced interference with her normal activities and routines, which has caused a loss of life's enjoyment despite Plaintiff's efforts to try to continue unhindered with his life.

57. The collision complained of herein was the product of Defendant's heedlessness and his willful, wanton, obdurate, and conscience-shocking heedlessness for the safety of others.

58. Defendant was negligent *per se*.

59. Plaintiff is therefore also entitled to seek both an award of compensatory damages and an award of punitive damages to dissuade Defendant and others similarly situated from engaging in like behavior in the future.

## COUNT IV: DECLARATORY JUDGMENT

Plaintiff incorporates by reference all of the preceding paragraphs as though fully stated herein.

60. Plaintiff seeks a judicial determination of liability against Defendant in an amount or percentage set by the finder of fact.

61. Plaintiff is entitled to the determination requested.

## JURY DEMAND

62. A jury is demanded on all counts so triable.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A. Award compensatory and punitive damages against Defendant in an amount to be determined at trial;

B. Award declaratory judgment that Defendant is liable to Plaintiff;

C. Award pre- and post-judgment interest on all monetary damages in an amount to be fixed by the Court;

D. Award Plaintiff his costs in bringing this action; and

E. Award other and further relief as the Court deems just and proper.

Respectfully submitted,

"**Electronically Filed**"
By:  /s/ David Z. Ring
     /s/ Anna C. Martinez
     Attorney for Plaintiff

P.O. Box 25304
Albuquerque, NM 87125
(505) 350-1840
dave@davering.net
annacmartinezesq@gmail.com

## STATE OF NEW MEXICO UNIFORM CRASH REPORT

**710777127**

CRASH INVESTIGATION SH 10074 Rev July 2018 NMDOTUCR E July 2018 E_JULY_2018

**ALBUQUERQUE POLICE DEPT**
REPORTING DEPARTMENT

| | | | |
|---|---|---|---|
| ☐ Private Property | ☐ Fatal | ☐ Property Damage Only ☐ Under $500 ☐ $500 or More | ☐ Hit-and-Run ☐ School Bus Directly Involved ☐ School Bus Indirectly Involved ☐ Commercial Vehicle Involved |
| ☐ Secondary Crash | ☑ Injury | | |

Case Number: **210013235**   CAD Num: **210491259**
Agency: **1 - ALBUQUERQUE POLICE DEPARTMENT**

| Crash Date | Crash Time | City Occurred In | County |
|---|---|---|---|
| 02/18/2021 | 1933 | ALBUQUERQUE | BERNALILLO |

| Day of Week | Occurred On: (Route No. or Name) | At Intersection With: |
|---|---|---|
| THURSDAY | LOUISIANA BLVD SE | TRUMBULL AVE SE |

| Other Location | Measurement | Direction | Permanent Landmark - County Line - Intersection - Milepost | Lat: | Long: |
|---|---|---|---|---|---|
| | | NORTH | | | |

| Crash Occurred | First Harmful Event | Manner of Impact | Manner of Crash |
|---|---|---|---|
| ON ROADWAY | COLLISION W/MOTOR VEHICLE | FRONT-TO-SIDE (EX. T-BONE, ANGLE) | INTERSECTING PATH (T-BONE) |

| Work Zone-Construction Work Zone-Maintenance Work Zone-Utility | Tribal Land? NO | Analysis Code MV IN TRANSPORT | Location of First Harmful Event ON ROADWAY |
|---|---|---|---|

### TRAFFIC UNIT 01

| VEHICLE NO. HEADED 01 | MV Type IN TRANSPORT | Direction N | On: LOUISIANA BLVD SE | Left Scene of Crash? NO | Posted Speed 35 | Safe Speed 35 |
|---|---|---|---|---|---|---|

| Driver's Last Name | Driver's First Name | Driver's Middle Name |
|---|---|---|
| APODACA | AMANDA | |

| Driver's Street Address | City | State | Zip Code | Phone |
|---|---|---|---|---|
| 7913 SOUTHERN AVE SE | ALBQUERQUE | NM | 87108 | (505) 450-9893 |

| Date of Birth | Driver's License Number | State | Type | CDL | Status | Restrictions | Endorsements | Expires | Interlock | Occupation |
|---|---|---|---|---|---|---|---|---|---|---|
| ██/██/1984 | ██████████ | NM | D | | V | | | ██/██/2021 | NO | |

| Incident Responder | # of Occupants | Seat Pos | Age | Sex | Race | Injury Code | OP Code | OP Used | Airbag Deploy | Ejected | EMS Number | Med Trans |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2 | LF | 37 | F | H | C | 5 | YES | B | N | 5 | EG |

**Supplemental Occupant Information**

| | Last Name | First Name | City | State | Zip | Age | Sex | Race | Inj | OP | OP Used | Airbag | Ejected | EMS | Med |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RF | BARRERAS 7913 SOUTHERN AVE SE | ARNEZ ALBUQUERQUE | | NM | 87108 | 11 | M | H | B | 0 | YES | B | O | 5 | EG |

### Vehicle Information

| Year | Vehicle Make | Vehicle Model | Color | Veh Use1 | Veh Use2 | Veh Use3 | Veh. Towed? | Veh. Disabled? |
|---|---|---|---|---|---|---|---|---|
| 2016 | JEEP | SUV | WHI | | P | | YES | YES |

| Body Style | Cargo Body Type | Lic. Year | State | License Plate Number | VIN | Damage Severity | |
|---|---|---|---|---|---|---|---|
| PC | | 2021 | NM | NZS442 | ------------------D63288 | HEAVY | 1 2 3 4 5 6 / 12 / 11 10 9 8 7 / 14-Top 15-Undercarriage 09,10,11,12 |

| Towed By | Towed To | Extent |
|---|---|---|
| EAGLE TOWING | 11200 CENTRAL AV. SE ALBUQUERQUE, NM 87123 | DISABLED |

| Gross Vehicle/Comb Weight Rating | HazMat Placard? (Cargo Only) | HazMat Released (Cargo Only) | Hazmat Placard 4-digit OR Hazmat Name   AND   1-digit # | DOT # |
|---|---|---|---|---|

| State # | Number of Axles | Carrier Type Code | | | |
|---|---|---|---|---|---|

| Carrier's Name | Street Address | Carrier City | State | Carrier's Zip |
|---|---|---|---|---|

| Owner's Last Name | Owner's First Name | Owner's Middle Name | Owner's Company Name |
|---|---|---|---|
| APODACA | AMANDA | | |

| Street Address | Owner's City | State | Owner Zip | Owner's Phone |
|---|---|---|---|---|
| 7913 SOUTHERN AVE SE | ALBQUERQUE | NM | 87108 | (505) 450-9893 |

| Insured By: (Name of Company) | Policy Number | Trailer or Towed Vehicles (1) | Type | Year | Make | Lic Year | Lic State | License Num |
|---|---|---|---|---|---|---|---|---|
| STATE FARM | 0743586A0131 | | | | | | | |

| Trailer or Towed Vehicles (2) | Type | Year | Make | Lic Year | Lic State | License Num | Trailer or Towed Vehicles (3) | Type | Year | Make | Lic Year | Lic State | License Num |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Crash Report Number: 710777127 | STATE OF NEW MEXICO UNIFORM CRASH REPORT NM STATUTE 66-7-209 ISSUING AGENCY COPY | Sheet 1 Of 5 |
|---|---|---|
| Case Number: 210013235 | | |

## Condition Information

| Lighting | Weather | Intersection Type | Relation To Junction |
|---|---|---|---|
| DARK LIGHTED | CLEAR | FOUR-WAY | INTERSECTION |

| Work Zone Location | Work Zone Type | Workers Present | Law Enforcement Present |
|---|---|---|---|
|  |  |  |  |

| Road Character | Road Grade | Road Condition | Road Surface | Traffic Control |
|---|---|---|---|---|
| STRAIGHT | LEVEL | DRY | LANE MARKERS | TRAFFIC SIGNALS |

| Road Lanes | Road Design Div | Road Design |
|---|---|---|
| 2 LANES | PAINTED DIVIDER (>4 FT) | FULL ACCESS CONTROL (E.G. HIGHWAY OR INTERSTATE) |

| APPARENT CONTRIBUTING FACTORS | DRIVER'S ACTIONS | SEQUENCE OF EVENTS | |
|---|---|---|---|
| NO DRIVER ERROR | GOING STRAIGHT | FIRST EVENT | MVT |
| | | SECOND EVENT | |
| | | THIRD EVENT | |
| | | FOURTH EVENT | |
| | | MHE | MVT |

| DRIVER/PEDESTRIAN/PEDALCYCLIST SOBRIETY | DRIVER/PED/PEDALCYCLIST PHYSICAL CONDITION | PEDESTRIAN/PEDALCYCLIST ACTION | |
|---|---|---|---|
| | | At Intersection | Not at Intersection |
| HAD NOT CONSUMED ALCOHOL | NO APP. DEFECTS | Actions Prior to Crash | |
| | | Actions at Time of Crash | |
| Breath Test Results | Driver Physical Condition - Other | Location at Time of Crash | |

## TRAFFIC UNIT 02

| VEHICLE NO. HEADED | MV Type | Direction | On: | Left Scene of Crash? | Posted Speed | Safe Speed |
|---|---|---|---|---|---|---|
| 02 | IN TRANSPORT | E | TRUMBULL AVE SE | NO | 25 | 25 |

| Driver's Last Name | Driver's First Name | Driver's Middle Name |
|---|---|---|
| HERRON | JONATHAN | |

| Driver's Street Address | City | State | Zip Code | Phone |
|---|---|---|---|---|
| 604 ESPANOLA ST SE # | ALBQUERQUE | NM | 87108 | |

| Date of Birth | Driver's License Number | State | Type | CDL | Status | Restrictions | Endorsements | Expires | Interlock | Occupation |
|---|---|---|---|---|---|---|---|---|---|---|
| /2000 | | NM | D | | V | | | 12/09/200? | NO | |

| Incident Responder | # of Occupants | Seat Pos | Age | Sex | Race | Injury Code | OP Code | OP Used | Airbag Deploy | Ejected | EMS Number | Med Trans |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 3 | LF | 20 | M | C | C | 5 | YES | N | N | 5 | NT |

### Supplemental Occupant Information

| | | | | | Age | Sex | Race | Injury Code | OP Code | OP Used | Airbag Deploy | Ejected | EMS Number | Med Trans |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RF | CHOPITO | | CATHERINE | | 18 | F | H | C | 0 | UNK | N | O | 5 | NT |
| | 608 ESPANOLA SE #B | | | | | | | | | | | | | |
| RR | VALENZUELA | | DOMINIC | | 18 | M | H | C | 0 | UNK | N | N | 5 | NT |
| | 610 UTAH SE | | ALBUQUERQUE | NM 87108 | | | | | | | | | | |

## Vehicle Information

| Year | Vehicle Make | Vehicle Model | Color | Veh Use1 | Veh Use2 | Veh Use3 | Veh. Towed? | Veh. Disabled? |
|---|---|---|---|---|---|---|---|---|
| 1996 | JEEP | CHEROKEE | GRY | P | | | YES | YES |

| Body Style | Cargo Body Type | Lic. Year | State | License Plate Number | VIN | Damage Severity | Extent |
|---|---|---|---|---|---|---|---|
| PC | | 2020 | NO | NONE | ------------------334985 | MODERATE | DISABLED |

Damage diagram: 01,12

| Towed By | Towed To |
|---|---|
| PRIVATE | PRIVATE |

| Gross Vehicle/Comb Weight Rating | HazMat Placard? (Cargo Only) | HazMat Released (Cargo Only) | Hazmat Placard 4-digit OR Hazmat Name | AND | 1-digit # | DOT # |
|---|---|---|---|---|---|---|
| | | | | | | |

| State # | Number of Axles | Carrier Type Code |
|---|---|---|
| | | |

| Carrier's Name | Street Address | Carrier City | State | Carrier's Zip |
|---|---|---|---|---|
| | | | | |

Crash Report Number: 710777127
Case Number: 210013235

STATE OF NEW MEXICO UNIFORM CRASH REPORT
NM STATUTE 66-7-209
ISSUING AGENCY COPY

Sheet 2 Of 5

| Owner's Last Name | Owner's First Name | Owner's Middle Name | Owner's Company Name | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| HERRON | JONATHAN | | | | | | | | |
| Street Address | Owner's City | State | Owner Zip | Owner's Phone | | | | | |
| 604 ESPANOLA ST SE # | ALBQUERQUE | NM | 87108 | | | | | | |
| Insured By: (Name of Company) | Policy Number | Trailer or Towed Vehicles (1) | Type | Year | Make | Lic Year | Lic State | License Num | |
| GAINSCO | 35MGEP024413000 | | | | | | | | |
| Trailer or Towed Vehicles (2) | Type | Year | Make | Lic Year | Lic State | License Num | Trailer or Towed Vehicles (3) | Type | Year | Make | Lic Year | Lic State | License Num |

## Condition Information

| Lighting | Weather | Intersection Type | Relation To Junction |
|---|---|---|---|
| DARK LIGHTED | CLEAR | FOUR-WAY | INTERSECTION |
| Work Zone Location | Work Zone Type | Workers Present | Law Enforcement Present |
| | | | |

| Road Character | Road Grade | Road Condition | Road Surface | Traffic Control |
|---|---|---|---|---|
| STRAIGHT | LEVEL | DRY | LANE MARKERS | TRAFFIC SIGNALS |
| Road Lanes | Road Design Div | Road Design | | |
| 1 LANE | NO SHOULDER | FULL ACCESS CONTROL (E.G. HIGHWAY OR INTERSTATE) | | |

| APPARENT CONTRIBUTING FACTORS | DRIVER'S ACTIONS | SEQUENCE OF EVENTS | |
|---|---|---|---|
| DISREGARDED TRAFFIC SIGNAL | GOING STRAIGHT | FIRST EVENT | MVT |
| | | SECOND EVENT | |
| | | THIRD EVENT | |
| | | FOURTH EVENT | |
| | | MHE | MVT |

| DRIVER/PEDESTRIAN/PEDALCYCLIST SOBRIETY | DRIVER/PED/PEDALCYCLIST PHYSICAL CONDITION | PEDESTRIAN/PEDALCYCLIST ACTION | |
|---|---|---|---|
| | | ☐ At Intersection | ☐ Not at Intersection |
| HAD NOT CONSUMED ALCOHOL | NO APP. DEFECTS | Actions Prior to Crash | |
| | | Actions at Time of Crash | |
| Breath Test Results | Driver Physical Condition - Other | Location at Time of Crash | |

## NARRATIVE

ON FEBRUARY 18, 2021 I WAS TRAVELING WEST ON TRUMBULL SE WHEN I CAME TO A STOP AT THE RED LIGHT OF LOUISIANA SE. I OBSERVED A TWO VEHICLES STOPPED AT THE LIGHT IN THE EAST BOUND LANES OF TRUMBULL, JUST WEST OF THE INTERSECTION. I SUDDENLY OBSERVED THE LEAD CAR ON EAST BOUND TRUMBULL TURN SOUTH ON LOUISIANA WHILE THE TRAFFIC SIGNAL WAS STILL RED. AT THAT POINT, I RECALLED THE LIGHT TO STILL BE RED FOR BOTH WEST AND EAST TRUMBULL WHEN I SUDDENLY OBSERVED VEHICLE #2     ENTER THE INTERSECTION AND EAST AND COLLIDED WITH VEHICLE #1 (NM#NZS442) IN THE MIDDLE OF THE INTERSECTION. I IMMEDIATELY HAD DISPATCH START PARAMEDICS DUE TO THE HEAVY VEHICLE DAMAGE. ONCE PARAMEDICS WERE ON SCENE, I SPOKE TO THE DRIVER OF VEHICLE #2 IDENTIFIED AS JONATHAN HERRON. HE EXPLAINED HE WAS AT THE LIGHT IN EAST BOUND LANES OF TRUMBULL WHEN HE OBSERVED THE LIGHT TO TURN GREEN FOR HIM TO CONTINUE EAST THROUGH THE INTERSECTION AND THAT IS WHEN VEHICLE #1 STRUCK HIM. I EXPLAINED TO JONATHAN WHAT I RECALLED SEEING AND HE WAS ADAMANT HIS LIGHT WAS GREEN.

I WAS UNABLE TO INTERVIEW AMANDA THIS DATE AS SHE WAS TRANSPORTED TO THE HOSPITAL WITH HER SON WHO BOTH SUSTAINED INJURIES BUT DID NOT SEEM TO BE LIFE THREATENING.

I ALSO ATTEMPTED TO OBTAIN ANY VIDEO SURVEILLANCE FROM NEARBY BUSINESSES. I CONTACTED SAIS FOOD MART WHO STATED THEY DID NOT HAVE ANY SURVEILLANCE AT THIS TIME. I ALSO ATTEMPTED TO CONTACT NENA'S FOOD BUT HAD NO SUCCESS SPEAKING WITH ANY ONE ON THE TELEPHONE.

## VIOLATION 01

| VEH NO. | Last Name | First Name | Middle Name | Violation (Common Name) | Action |
|---|---|---|---|---|---|
| | | | | | |

Crash Report Number: 710777127
Case Number: 210013235

STATE OF NEW MEXICO UNIFORM CRASH REPORT
NM STATUTE 66-7-209
ISSUING AGENCY COPY

Sheet 3 Of 5

## CONCLUSION

| Time Notified | Time Arrived | Notified By | | Supervisor at Scene | | | |
|---|---|---|---|---|---|---|---|
| 1933 | 1933 | ON SCENE | | | | | |

| Time Roadway Cleared | Time Incident Cleared | Checked By | | | | | |
|---|---|---|---|---|---|---|---|
| 2030 | 2045 | 5453 - ACCILIEN, MARC - 3/12/2021 | | | | | |

| Officer's Signature | Officer's Name | Rank | ID Number | District | Report Date |
|---|---|---|---|---|---|
| *signature* | SIMMONS III, ALBERT | P1/C | 5450 | 337 | 02/22/2021 |

